# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1077V
UNPUBLISHED

| | |
|---|---|
| LINDA SCHWEDER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 13, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Scott William Rooney, Nemes, Rooney P.C.,* Farmington Hills, MI, *for Petitioner.*

*Lauren Kells, U.S. Department of Justice,* Washington, DC, *for Respondent.*

### DECISION AWARDING DAMAGES[1]

On August 27, 2020, Linda Schweder filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome (GBS) resulting from the adverse effects of an influenza (flu) vaccination she received on October 8, 2018. Petition at 2, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 10, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On April 13, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $251,980.66, including $245,000.00 in pain and suffering and 6,980.66 for out-of-pocket medical and related expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $251,980.66, including $245,000.00 in pain and suffering and 6,980.66 for out-of-pocket medical and related expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LINDA SCHWEDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-1077V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.   Procedural History**

On August 27, 2020, Linda Schweder ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleges that, as a result of receiving the influenza vaccine on October 8, 2018, she suffered from Guillain-Barre Syndrome (GBS). *See* Petition. On November 9, 2021, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. ECF No. 31. On November 10, 2021, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. ECF No. 32.

**II.   Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$251,980.66,** for all damages, including $245,000.00 representative of pain and suffering, and $6,980.66 representative of out-of-pocket medical and related expenses. This

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$251,980.66** in the form of a check payable to petitioner.[2]  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

*/s/ Lauren Kells*
LAUREN KELLS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 616-4187
Email:  Lauren.Kells@usdoj.gov

DATED:  April 13, 2022

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.