# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1077V
(not to be published)

| | |
|---|---|
| LINDA SCHWEDER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 4, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Scott William Rooney*, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 27, 2020, Linda Schweder filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome (GBS) resulting from the adverse effects of an influenza (flu) vaccination she received on October 8, 2018. (Petition at 2, 4). On April 13, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 42).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 2, 2022 (ECF No. 46), requesting an award of $21,552.85 (representing $20,810.25 in fees and $639.49 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred out-of-pocket expenses in the amount of $204.24. (Id. at 2). Respondent reacted to the motion on May 16, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 47). Petitioner did not file a reply thereafter.

In early July 2022, Petitioner's counsel was alerted to a potential problem with Petitioner's fee motion – it appeared that the total of Petitioner's personal out-of-pocket expenses was incorrect, since there was disparity between the sum requested and what submitted bills suggested. *See* Informal Remark, dated July 7, 2022. That same day, Petitioner filed an Amended Motion for Attorney Fees and Costs, requesting the revised amount of $742.60 for her personal expenses. (ECF No. 50).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl.

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates of compensation for the work of her attorney Scott Rooney: $375 per hour for 2019 and 2020; $400 per hour for 2021; and $500 per hour for 2022. (ECF No. 46 at 4 - 11). The rates requested for 2019 through 2021 are consistent with what Mr. Rooney has been awarded for his work in the Vaccine Program in prior cases, and I shall therefore apply them herein

However, although the proposed rate for Mr. Rooney's work for 2022 falls within the experience range provided in OSM's recently updated rate chart for similarly situated attorneys, I find the specifically requested increase to be excessive.[3] Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[4] a rate of **$470 per hour** is more appropriate for Mr. Rooney's 2022 time. This reduces the amount to be awarded herein by **$261.00**.[5] All other time billed to the matter shall be awarded

## ATTORNEY COSTS

Petitioner requests $742.60 in overall costs. (ECF No. 50 at 2). This amount is comprised of obtaining medical records, copy charges and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full. The costs personally incurred by Petitioner, in the amount of $204.24, have been substantiated and will be awarded in full.

---

[3] The Attorneys' Fee Schedule for 2022 is available at http://www.uscfc.uscourts.gov/node/2914.

[4] *See McCulloch v. Health & Human Servs.*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount consists of $500 - $470 = $30 x 8.7 hrs = $261.00.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $21,496.09[6] as follows:**

- **A lump sum of $21,291.85, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Scott William Rooney; and**

- **A lump sum of $204.24, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.